**Valentin MARTINEZ–OCAMPO; Maria Rios–Reynoso, Petitioners,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 13–72753

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

FILED OCTOBER 2, 2017

Carlos Alfredo Cruz, Esquire, Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioners.

Kimberly A. Burdge, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, TALLMAN, and N.R. Smith, Circuit Judges.

### MEMORANDUM **

Valentin Martinez–Ocampo and Maria Rios–Reynoso, natives and citizens of Mexico, petition for review of the Board of

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Granados–Oseguera v. Mukasey*, 546 F.3d 1011, 1014 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen where they failed to file it prior to the expiration of the voluntary departure period, *see* 8 C.F.R. § 1240.26(e)(1), and thus were statutorily ineligible for the relief requested, *see* 8 U.S.C. § 1229c(d)(1)(B) (imposing a ten-year bar to certain forms of relief, including cancellation of removal, for persons who fail to depart within the specified time period); *see Granados–Oseguera*, 546 F.3d at 1015–16 (BIA is compelled to deny a motion to reopen based on a movant's failure to depart where ten-year bar applies to the requested relief). We reject petitioners' contention that the BIA's decision conflicts with the Supreme Court's decision in *Dada v. Mukasey*, 554 U.S. 1, 128 S.Ct. 2307, 171 L.Ed.2d 178 (2008).

**PETITION FOR REVIEW DENIED.**